UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHARINE T., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, <br><br> Defendant. | Case No.: 22-cv-396-KSC <br><br> **ORDER DENYING MOTION FOR ATTORNEYS' FEES [Doc. No. 16]** |

### (I) Introduction

Attorney Matty Sandoval, who represented plaintiff before this Court and before the agency upon remand, moves for an award of attorneys' fees in the amount of $15,000. *See* Doc. No. 16. Counsel's Motion includes a declaration from plaintiff stating she does not oppose the fee request, even though it will reduce her overall benefits. *See* Doc. No. 16-4. Defendant filed a response neither supporting nor opposing the request for fees. Doc. No. 18.

### (II) Analysis of the Fee Request

This Court may "allow" a reasonable attorney's fee "not in excess of 25 percent of" any past due benefits awarded claimant. *See* 42 U.S.C. 405(b)(1)(A); *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-

due benefits awarded; the losing party is not responsible for payment." *Crawford*, 586 F.3d at 1147 (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). A court reviewing a request for attorneys' fees must first for look at the fee agreement between the social security claimant and counsel, then test the fee for reasonableness. *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1148. The Court will address both steps.

### (A)   Whether the Fee Agreement Allows for a Fee Award

Courts "look[] first" to the contingent fee agreement between plaintiff and counsel to determine whether a fee award is appropriate. *See Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009). The fee agreement between plaintiff and her counsel in this case states plaintiff shall "pay [counsel] a fee equal to 25 percent of any past-due benefits . . . or, if less, $7,200." Doc. No. 16-3 at 1. The agreement further states any fee for collecting past due SSDI benefits "may not exceed the lesser of 25% of the combined past due benefits . . . or, if less, $7,200." *Id.* By its plain language, this fee agreement caps the fees counsel can charge at $7,200. Counsel's fee motion states he has already been paid $7,200 for his representation, but the Administration is withholding $25,083.50 pending a determination of counsel's fee motion before this Court. Doc. No. 16 at 2.[1] If this Court authorized the further disbursement of fees, it would exceed the fees counsel may permissibly charge his client under the contract between them. Thus, the Court concludes there is no contractual basis for approving any further fee award. Moreover, as the Court will explain, the issue of whether a further fee award would be reasonable remains.

////

---

[1]   The administration originally withheld $32,283.50 from plaintiff's past due benefits award. *See* Doc. No. 16-1 at 4. Counsel received a fee award of $7,200 for his work before the Social Security Administration. *See* Doc. No. 16-5. Counsel has also moved for the Commissioner to increase his administrative fee award by $4,800. *See* Doc. No. 16-2. The Court is unaware of the status of that request. The $25,083.50 still being withheld represents the difference between the amount initially withheld and the fee award already received.

**(B)   Whether Counsel's Fee Would be Reasonable Under *Gisbrecht***

"A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the 'benefits are large in comparison to the amount of time counsel spent on the case.'" *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 808)). In terms of assessing "substandard representation," the Supreme Court adopted the reasoning of the Sixth Circuit in *Lewis v. Secretary of Health and Human Services*, 707 F.2d 246 (6th Cir. 1983). *See Gisbrecht*, 535 U.S. at 808. This Court will, accordingly, follow *Lewis* because the Supreme Court determined it was correctly decided. In *Lewis*, the Court ruled the plaintiff's attorney provided substandard representation by producing unhelpful briefing and overbilling his client. *See* 707 F.3d at 248-50. The Court will accordingly analyze the quality of counsel's representation and the potential for overbilling in this case.

**(1)   Whether Counsel Provided Substandard Representation**

Providing briefing that fails to address the material legal issues in the case constitutes substandard representation. *See Lewis*, 707 F.3d at 248-50. The Court finds *Lewis* to be on point here. Counsel's first effort at submitting a brief in this case was so poorly formatted that this Court struck the filing from the docket for its failure to conform to the Civil Local Rules of this District. *See* Doc. Nos. 11, 12. Even after counsel made his brief legible, it remained unhelpful. The material issue in this case was whether the ALJ properly evaluated competing medical opinions to support a step-two non-severity finding. *See* Doc. No. 13 at 3-11. Plaintiff's counsel briefed the entire issue under the wrong set of regulations and failed to cite on-point, binding case law. *Compare* Doc. No. 13 at 5 *with id.* at 8-9. Given the fact that this was a joint motion where defendant's counsel expressly referenced the on-point authority in the briefing [*see* Doc. No. 13 at 8-9], thereby putting plaintiff's counsel on notice prior to the time of filing that he was using overruled case law, counsel's continued reliance on the abrogated "treating source rule" [Doc. No. 13 at 5] was not only

completely unhelpful to the Court or his client, it arguably violated Federal Rule of Civil Procedure 11 and California Rule of Professional Conduct 3.3 (which forbids attorneys from failing to disclose contrary legal authority). The Court concludes this level of representation is substandard.

### (2) Whether Counsel Overbilled His Client

The Court will also consider counsel's billing records, scrutinizing them for signs of "overbilling" like that noted in *Lewis*. *See* 707 F.3d at 248-50. By way of example, counsel billed two hours for preparing the Complaint in this matter. Doc. No. 16-2 at 1. But the Complaint is three pages of boilerplate in which it appears counsel did nothing more than insert some dates and names; a task which could not reasonably consume two hours of attorney time. *See* Doc. No. 1. Counsel also billed two full hours to review the Court's Scheduling Order. Doc. No. 16-2 at 1. The Scheduling Order is only six pages long, which, even if someone were reading slowly, should not take more than 15 minutes to fully digest. *See* Doc. No. 8. Counsel billed eleven full hours for preparing and plaintiff's portion of the twelve-page Joint Motion for Judicial Review, and three full hours for "reviewing" the Joint Motion prior to filing. Doc. No. 16-2 at 1. The argument portion of the Joint Motion submitted by plaintiff's counsel spans about two-and-a-half pages, and, as the Court has already noted, relies on bad law. *See* Doc. No. 13 at 4-6. Thirteen hours to prepare and review such an inadequate Motion is excessive.

Moving on, counsel charged a full hour of his time for reviewing the Court's minute entry striking the illegible Joint Motion, three full hours for reviewing the Court's Order on the Joint Motion, and another hour for receiving and reviewing the Clerk's judgment. *See* Doc. No. 16-2 at 1-2. But the docket entry striking the illegible joint motion is four sentences, the Court's dispositive Order is slightly less than twelve pages, and the judgment in this matter is a single paragraph. *See* Doc. Nos. 12, 14, 15. The time billed for all of these tasks was unreasonable. These excessive billing entries convince the Court that counsel has systematically inflated his time on this matter, which, as in *Lewis*, justifies a downward reduction in his fee sought.

All this is not to say that counsel should receive no fee for his work on this matter. After all, plaintiff obtained benefits after the Court remanded the matter to the agency. But the fact that plaintiff ultimately obtained a favorable determination from the agency on remand does not change the Court's analysis in this case. If a favorable result in which a client obtains benefits after remand was in-and-of-itself sufficient to support a full 25% fee award, the factors identified by the Supreme Court in *Gisbrecht* would be rendered meaningless. *See Dunnigan v. Astrue*, CV 07-1645-AC, 2009 WL 6067058, 2009 U.S. Dist. LEXIS 126078, at *36-37 (D. Ore. Dec. 23, 2009). Here, the reason plaintiff prevailed in this Court was not because her attorney convinced this Court the ALJ erred, but because defendant failed to defend a patently erroneous order by the ALJ. The Court notes counsel has already been compensated to the tune of $7,200 for his work representing plaintiff before the agency. *See* Doc. No. 16 at 2.[2] The Court finds this ameliorates any potential harshness or inequity in denying counsel a fee award in this case. Given the ineffectiveness of counsel's representation in this Court, even if counsel's fee agreement permitted him to recover more, any further fee award would be unreasonable under *Gisbrecht*.

### (III)   Conclusion

The Court, having reviewed the moving papers, concludes plaintiff's counsel is not entitled to recover more than $7,200 in fees under the agreement with his client, and he has already been paid that much. Moreover, given the substandard quality of counsel's representation before this Court, any further fee award in this Court would be unreasonable. The Motion for Attorneys' Fees is **DENIED** on the basis of these two, independently sufficient reasons. The Commissioner shall remit any withheld monies directly to plaintiff.

////

---

[2]   Counsel may yet receive a greater fee because, at least at the time of filing this Motion, he had a request pending for the Commissioner to increase his administrative fee award by $4,800. *See* Doc. No. 16-2. The Court is unaware of whether that request has been granted, denied, or remains pending. Whatever the eventual result, the decision to award that fee lies with the ALJ, not this court. *See* 42 U.S.C. § 406(a)(3).

**IT IS SO ORDERED**

Dated: September 11, 2024

Hon. Karen S. Crawford
United States Magistrate Judge